JAMES E. WALDO *et al.*, plaintiffs in error, *v.* RICHARD S. WILLIAMS, defendant in error.

*Error to Morgan.*

The complainant filed his bill in chancery to foreclose a mortgage, executed to him by W., and made Smith and McConnel, who had obtained judgments against W., subsequent to the execution of the mortgage, defendants to the bill; and at the June term, 1839, all the defendants except Smith having been summoned or notified according to law; and all the defendants except McConnel being called and not appearing, their default was taken, and an interlocutory decree entered, requiring all the defendants, except McConnel, to pay the amount due on the mortgage by the first day of the next term, and in default thereof, that they should be foreclosed from all right in the mortgage premises; and that the same should be sold to satisfy the mortgage. Smith was duly summoned to appear at the November term, 1839, by an *alias* writ issued October 3d, and at said November term, Smith and McConnel were defaulted, and the bill taken *pro confesso* against them. A decree was entered, that the said Smith and McConnel should pay the amount of the mortgage by the first day of the next term of the Court, or that the premises should be sold to satisfy the same, and their interest therein foreclosed. At the March term, 1840, a final decree was entered, directing the mortgaged premises to be sold; and that the interest of the defendants in the premises should be for ever foreclosed: *Held,* that the proceedings were not erroneous; and that the service of process on Smith, after the first interlocutory decree, cured the irregularity as to him.

Where several tracts of land are included in one mortgage, it is the duty of the commissioner, selling the same under a decree of foreclosure, to offer each tract separately, and whenever the sales amount to a sufficiency to pay the debts and costs, he should desist from any further sale. But should the commissioner proceed arbitrarily, and sell the whole at once, or sell more than a sufficiency to pay the mortgage debt and costs, it would be competent for the Court, on the coming in of his report, to set aside the sale.

WM. BROWN and J. LAMBORN, for the plaintiffs in error.

H. B. McCLURE, for the defendant in error, cited 2 Bibb 273; 3 Bibb 113; 1 Hoffm. Ch. Pract. 185, 187; 1 Kentucky Stat. 218, § 5; R. L. 121, § 8; Gale's Stat. 141; 1 J. J. Marsh. 547.

Waldo *et al v.* Williams.

Lockwood, Justice, delivered the opinion of the Court :

Williams filed his bill in the Morgan Circuit Court, sitting as a court of chancery, to foreclose a mortgage executed by the three Waldos, and also against Hall and others, as creditors by judgments obtained subsequent to the execution of the mortgage.

All the defendants below had regularly been summoned or notified to appear, by advertisement regularly published in one of the newspapers printed in this State, previous to the June term, 1839, except Absalom Smith.

At said June term, 1839, the defendants were all called except Murray McConnel, but failing to appear, their default was taken, and an interlocutory decree entered, requiring all the defendants except McConnel, to pay the amount due on the mortgage, on or before the first day of the then next term of the Circuit Court of Morgan county ; and in default thereof the said defendants should be foreclosed from all right in the mortgaged premises, and that the same would be sold to pay the mortgage debt. An *alias* summons was issued on the 3d of October 1839, returnable on the first Monday of November thereafter, which was returned duly served on Absalom Smith. At the November term, 1839, Absalom Smith and Murray McConnel were called, and, failing to appear, the bill was taken as confessed, and the said Smith and McConnel were ordered to pay the amount of the mortgage money on or before the next term of said Court, or the premises would be sold to pay the same, and their interest in the mortgaged premises barred and foreclosed. At the March term, 1840, a final decree was entered ordering the mortgaged premises to be sold, and appointing a commissioner to make the sale, and that the interests of all the defendants in the mortgaged premises be forever foreclosed.

The errors relied on are : First, That the interlocutory decree was improvidently made, in this, that all the parties were not before the Court when it was made ; and, Secondly, That the Court erred in decreeing the sale of all the mortgaged premises, instead of so much as would be necessary to pay the mortgage debt.

In relation to the first error relied on, the Court are satisfied that the informality complained of worked no injury to any of the defendants below. The defendant (Absalom Smith) who had not been served with process, at the time of entering the first interlocutory decree, and the only person that could be injured by it, was subsequently summoned to appear, and had a day in Court to answer the bill. This cured the irregularity. The decree to sell the mortgaged premises is in the usual form. It does not follow, because the decree authorizes all the mortgaged premises to be sold, that all will be sold. The object in selling the land is to pay the debt. Where, as in this case, there are several tracts of land mortgaged, it will be the duty of the commissioner to offer each

tract separately, and whenever the sales amount to sufficient to pay the debt and costs, the object of the decree being accomplished, it will be the duty of the commissioner to desist from any further sale.

Should the commissioner, however, proceed arbitrarily, and sell the whole at once, or proceed to sell more land after the sales amounted to a sufficiency to pay the mortgage debt and costs, it would doubtless be competent for the Court, on the coming in of his report, to set aside the sale.

The Court, therefore, perceive no error in the decree. It is accordingly affirmed, with costs.

*Decree affirmed.*